NOT FOR PUBLICATION (Doc. Nos. 115 & 123)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TD BANK, N.A., | : |
| Plaintiff, | : Civil No. 12–7188 (RBK/JS) |
| v. | : **OPINION** |
| Vernon W. HILL, II, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This action comes before the Court upon the motion of TD Bank, N.A. ("Plaintiff" or "TD Bank") for a permanent injunction and the cross motion of Vernon W. Hill ("Defendant" or "Mr. Hill") for partial summary judgment. For the reasons explained below, Plaintiff's Motion (Doc. No. 115) is **GRANTED** and Defendant's Motion (Doc. No. 123) is **DENIED**.

**I.   BACKGROUND**

This is a copyright infringement case in which Defendant admittedly used verbatim language from Plaintiff's work in a book that Defendant authored and published. This Court previously set out the generally agreed-upon facts, and it incorporates those facts into this Opinion. *See* July 27, 2015 Opinion at 2–8 (Doc. No. 101). This Court held in its July 27, 2015 Opinion that TD Bank was the exclusive copyright holder of the manuscript entitled "Fans, Not Customers: Creating Super Growth in a No-Growth Industry," also known as "The Power of Wow" (the "2007 Manuscript"). *Id.* at 2, 22–23. This Court further held that Mr. Hill's book, entitled "Fans! Not Customers: How to Create Growth Companies in a No Growth World (the

1

"2012 Book") infringed on TD Bank's exclusive copyright in the 2007 Manuscript. *Id.* at 2–3, 37. Despite the finding of copyright infringement, this Court found that TD Bank was not entitled to permanent injunctive relief. *Id.* at 40–41. The basis for denying injunctive relief was, among other things, that "TD Bank simply has not pointed the Court toward any evidence that Mr. Hill will continue to infringe on TD Bank's material." *Id.*

This Court held a status conference on September 9, 2015 (Doc. No. 107). On September 18, 2015, Plaintiff was granted leave to file a motion for injunctive relief. Plaintiff filed its Motion on October 9, 2015 (Doc. No. 115). On November 16, 2015, Defendant opposed Plaintiff's Motion for a Permanent Injunction and filed a Motion for Partial Summary Judgment (Doc. No. 123). Defendant had previously requested, and was specifically not given, leave to file an additional summary judgment motion on the issue of the quantum of damages (Doc. No. 111).

The following are the relevant facts occurring after this Court's July 27, 2015 Order and Opinion: On July 31, 2015, *The Wall Street Journal* published an article containing statements from Mr. Hill and identifying him as the author of the infringing 2012 Book. *See* Certification of Susan M. Leming, Esq. ("Leming Cert.") at Ex. B. On August 11, 2015, Mr. Hill gave an interview to supplymanagement.com, and the subsequent article quoted from the 2012 Book and linked to a website through which the 2012 Book could be purchased. *Id.* at Ex. G. On September 9, 2015, Mr. Hill participated in an event for the Camden County Chamber of Commerce, and he was interviewed about the 2012 Book. *Id.* at Ex. C. He distributed copies of the infringing 2012 Book at no cost to attendees. *Id.* On September 17, 2015, Mr. Hill participated in an event for HouseMark Ltd., and he again discussed the 2012 Book. *See id.* at Ex. F. In addition to these discrete events, Mr. Hill has continued to maintain and regularly update his Facebook page regarding the 2012 Book, and he continues to market and make

2

available for sale the 2012 Book through his publisher and numerous retail websites, including Amazon.com. *Id.* at Exs. H, I, & J.

## II.   DISCUSSION

This Court previously determined that Mr. Hill's 2012 Book violated TD Bank's copyright in the 2007 Manuscript (Doc. No. 101). This Court is authorized to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *See* 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must establish the following: (1) that it has suffered an irreparable injury; (2) that there is no adequate legal remedy, such as monetary damages; (3) that the balance of hardships between the plaintiff and defendant warrants an injunction; and (4) that the public interest favors such relief. *See eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (holding that the traditional four-factor test for injunctions applied to patent cases); *see also Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 215 (3d Cir. 2014) (holding that "the logic of *eBay* is not limited to patent cases but rather is widely applicable to various different types of cases[]").

This Court must exercise equitable discretion in deciding whether to grant or deny permanent injunctive relief. *eBay*, 547 U.S. at 391. As explained below, TD Bank has satisfied the traditional four-factor test. This Court will therefore issue a permanent injunction against Mr. Hill pursuant to 17 U.S.C. § 502 and Federal Rule of Civil Procedure 65. Mr. Hill, his officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Mr. Hill, his officers, agents, servants, employees, or attorneys, are prohibited from publishing, marketing, distributing, or selling the 2012 Book, so long as it infringes on the 2007 Manuscript.

### A.     Irreparable Harm

A party seeking permanent injunctive relief must first show that it will suffer irreparable harm in the absence of an injunction. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 809 F.3d 633, 639 (Fed. Cir. 2015). The Supreme Court "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *eBay*, 547 U.S. at 392–93. TD Bank is therefore not entitled to a presumption of irreparable harm. *See Ferring Pharm.*, 765 F.3d at 215. But Defendant is not entitled to a presumption *against* irreparable harm. *See eBay*, 547 U.S. at 393 (rejecting categorical rules in analyzing whether an injunction should issue in the patent context).

This Court finds that TD Bank has satisfied its burden. Defendant's continued publishing, marketing, distribution, and sale of the 2012 Book, so long as it infringes on the 2007 Manuscript, irreparably harms TD Bank's property interest in and prevents TD Bank's from maintaining the exclusivity of its copyright in the 2007 Manuscript. A copyright holder has both "a property interest in the copyrighted material[]" and "a First Amendment interest in *not* speaking." *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010). The right to exclude and to maintain exclusivity over one's intellectual property rights is fundamental and important. *See Apple Inc.*, 809 F.3d at 642. Although "injunctive relief to enforce a copyright is not compelled[,]" it is often "the best or only way to preserve the exclusivity of a copyright." *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004).

Mr. Hill argues that TD Bank is not harmed by his continued infringement of its copyright in the 2007 Manuscript because "the bank is not in the book business and has not published—and has no plans to publish—the 2007 Manuscript." Def.'s Opp'n Br. at 9. But the

right conferred by a copyright is comparable to that conferred by a patent, and "it is the privilege of any owner of property to use or not use it, without question of motive." *Continental Paper Bag Co. v. Eastern Paper Bag Co.*, 210 U.S. 405, 429 (1908). The Supreme Court "rejected the contention that a court of equity has no jurisdiction to grant injunctive relief to a patent holder who has unreasonably declined to use the patent." *eBay*, 547 U.S. at 393 (citing *Continental Paper*, 210 U.S. at 422–30). This Court believes the logic of *Continental Paper* applies equally to the copyright context. TD Bank declined to publish the 2007 Manuscript, and as the copyright holder of the 2007 Manuscript it clearly has the right to not use the copyright, and to prevent others from using it.[1]

This Court previously declined to issue an injunction because TD Bank failed to show that Mr. Hill would continue to infringe on its copyright. But Mr. Hill's actions since this Court's July 27, 2015 decision demonstrate that he will continue to infringe on TD Bank's copyright in the 2007 Manuscript in the absence of an injunction. Mr. Hill has continued to market, sell, and even give away copies of his 2012 Book, despite this Court's decision that the 2012 Book infringed on TD Bank's copyright in the 2007 Manuscript. Mr. Hill argues that TD Bank's "evidence of purported infringement is [] legally irrelevant because much of it reflects actions taken exclusively by third parties, not Mr. Hill." Def.'s Opp'n Br. at 12. But Defendant directly participated in the continuing infringement of TD Bank's copyright by repeatedly headlining events that market the 2012 Book and give away free copies of the 2012 Book. This Court

---

[1] The copyright misuse doctrine allows courts to decline to issue an injunction if the copyright holder uses the copyright "contrary to the public interest." *See Video Pipeline, Inc. v. Buena Home Entertainment, Inc.*, 342 F.3d 191, 204 (3d Cir. 2003). There is no evidence that TD Bank "has engaged in some form of anti-competitive behavior[]" in declining to publish the 2007 Manuscript, *see id.*, and in any case Defendant failed to argue the copyright misuse doctrine. *See generally* Def.'s Opp'n Br.

therefore finds that TD Bank has demonstrated that it will suffer irreparable harm in the absence of an injunction.

> B. **Remedies at Law**

A party seeking a permanent injunction must also show "that remedies available at law, such as monetary damages, are inadequate to compensate" for the irreparable harm. *See eBay*, 547 U.S. at 391. TD Bank has demonstrated that it does not have adequate alternative remedies at law. Plaintiff provides clear evidence that Mr. Hill, his agents, or other persons working with them are giving away copies of the infringing 2012 Book for free. The harm that TD Bank has suffered and will continue to suffer in the absence of an injunction is therefore not easily quantifiable or compensable at law. This Court therefore finds that TD Bank has demonstrated that monetary damages will not adequately compensate for its harm.

> C. **Balance of Harms**

TD Bank must also show that "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted[.]" *eBay*, 547 U.S. at 391. This Court finds that the balance of harms favors a permanent injunction against Mr. Hill. If this Court denied injunctive relief, TD Bank would be deprived of its exclusivity in the 2007 Manuscript. TD Bank has a property interest in its copyrighted material, and a permanent injunction is the proper vehicle to vindicate TD Bank's property interest in this case.

Mr. Hill will suffer comparatively little harm from this Court's narrowly tailored injunction. Mr. Hill has a property interest in the 2012 Book only to the extent the 2012 Book does not infringe on the 2007 Manuscript. *See Salinger*, 607 F.3d at 81. This Court acknowledges that Mr. Hill "has a core First Amendment interest in the freedom to express [himself], so long as that expression does not infringe [TD Bank's] copyright." *See id*. This

Court finds that the balance of hardships favors the issue of a permanent injunction because Mr. Hill is free to publish, market, distribute, and sell the 2012 Book if he removes or rewrites the infringing material.

### D. Public Interest

A party seeking a permanent injunction must also demonstrate "that the public interest would not be disserved by a permanent injunction." *eBay*, 547 U.S. at 392. This Court finds that TD Bank has shown that a permanent injunction in this case is in the public interest. The public interest favors the enforcement of copyrights. "[T]he public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors[.]" *See Apple Inc.*, 809 F.3d at 647. This Court's reasonable and narrowly-tailored permanent injunction against Mr. Hill vindicates TD Bank's legitimate property interest in its copyright.

This Court acknowledges that "[t]he public's interest in free expression . . . is significant and is distinct from the parties' speech interests." *Salinger*, 607 F.3d at 82. But this injunction does not unduly burden the public's interest in free speech, as Mr. Hill is free to publish, market, distribute, and sell his 2012 Book if he edits the 2012 Book to avoid infringement.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. Defendant filed a Motion for Partial Summary Judgment on November 16, 2015, without leave of the Court (Doc. No. 123). As explained in this Court's December 4, 2015 letter to counsel (Doc. No. 127), the deadline for dispositive motions expired on December 31, 2014. Defendant's Motion is therefore **DENIED** as untimely.

Dated:     06/14/2016                                                                         s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge